**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 7, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

SEAN R. SHOBE,

      Petitioner-Appellant,

v.

DAVID R. MCKUNE, Warden, Lansing
Correctional Facility,

      Respondent-Appellee.

No. 07-3345

(D.C. No. 06-CV-3307-JAR)
(D. Kansas)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **BRISCOE, MURPHY,** and **HARTZ**, Circuit Judges.

---

Sean Shobe, a Kansas state prisoner appearing pro se, seeks a certificate of

appealability (COA) in order to challenge the district court's denial of his 28 U.S.C. §

2254 application for federal habeas relief.  Because Shobe has failed to satisfy the

standards for the issuance of a COA, we deny his request and dismiss the matter.

I.

On February 22, 2001, Shobe was convicted in Kansas state court of one count of

aggravated robbery and two counts of kidnapping in connection with the July 7, 2000,

robbery of a McDonald's restaurant in Lenexa, Kansas.  Shobe was sentenced to a term of

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res
judicata, and collateral estoppel.

imprisonment of 275 months. The Kansas Court of Appeals affirmed Shobe's

convictions in an unpublished opinion issued on February 21, 2003. State v. Shobe, No.

87,307 (Kan. Ct. App. Feb. 21, 2003) (Shobe I). The Kansas Supreme Court

subsequently denied Shobe's petition for review.

On August 6, 2003, Shobe filed for state post-conviction relief pursuant to Kan.

Stat. Ann. § 60-1507. The state trial court denied Shobe's application on February 17,

2004. On December 23, 2005, the Kansas Court of Appeals affirmed the denial of post-

conviction relief. Shobe v. State, No. 97,173 (Kan. Ct. App. Nov. 10, 2005) (Shobe II).

The Kansas Supreme Court denied Shobe's petition for review on March 30, 2006.

On November 7, 2006, Shobe filed a pro se petition for federal habeas relief

pursuant to 28 U.S.C. § 2254. Shobe's petition identified four general grounds for relief:

(1) sufficiency of the evidence to support his kidnapping convictions; (2) due process

violation based on a suggestive police lineup; (3) a Miranda[1] violation; and (4) ineffective

assistance of trial counsel. The district court, after directing the respondent to file an

answer and return, denied Shobe's petition in a thorough memorandum and order. Shobe

filed a notice of appeal, as well as an application for certificate of appealability (COA)

with respect to grounds (1), (2) and (4). The district court denied Shobe's application for

COA. Shobe has since renewed his application for COA with this court.

II.

Issuance of a COA is jurisdictional. Miller-El v. Cockrell, 537 U.S. 322, 336

---

[1] Miranda v. Arizona, 384 U.S. 436, 444-45 (1966).

2

(2003).  In other words, a state prisoner may appeal from the denial of federal habeas relief under 28 U.S.C. § 2254 only if the district court or this court first issues a COA.  28 U.S.C. § 2253(c)(1)(A).  A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  In order to make that showing, a prisoner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).  If the district court denied the "habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," the prisoner must, in order to obtain a COA, demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id.

### III.

Shobe seeks a COA with respect to three issues raised in his federal habeas petition.  For the reasons that follow, we conclude he has failed to satisfy the standards for issuance of a COA with respect to all three issues.

*Sufficiency of evidence to support Shobe's kidnapping convictions*

Shobe contends that his due process rights were violated because the evidence presented at trial was constitutionally insufficient to support his convictions for kidnapping.  The "clearly established federal law" applicable to this claim under 28

3

U.S.C. § 2254(d)(1) is the Supreme Court's decision in <u>Jackson v. Virginia</u>, 443 U.S. 307 (1979).  Under <u>Jackson</u>, a conviction does not violate a defendant's due process rights if, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  <u>Jackson v. Virginia</u>, 443 U.S. 307, 319 (1979).

In his direct appeal, Shobe asserted the same sufficiency arguments that he does now.  More specifically, Shobe contended "that because the confinement of the [two] victims[, the manager of the McDonald's and a store employee,] was merely incidental to the robbery and had no significance independent of the robbery, the evidence was insufficient to convict him of kidnapping" under Kansas law.  <u>Shobe I</u>, at 6.  In addressing Shobe's contention, the Kansas Court of Appeals noted that, under Kansas law, the taking or confinement of robbery victims will constitute kidnapping if it "ha[s] some significance independent of the . . . robbery."  <u>Id.</u> at 7.  After discussing the controlling Kansas Supreme Court opinion on the subject, <u>State v. Buggs</u>, 547 P.2d 720 (1976), the Kansas Court of Appeals concluded that Shobe's movement of the two victims, which included "forcing" them "to disable the [store] alarm, forcing them to accompany [him] to the kitchen to open the safe, making them lie on the ground, and then putting an irritant in [their] eyes [was] not inherent to the crime of aggravated robbery."  <u>Shobe I</u>, at 9.  That is, the Kansas Court of Appeals concluded, "[t]he movement of the victims clearly made the robbery substantially easier to commit and greatly reduced the risk of detection."  <u>Id.</u> at 10.  "As a result," it concluded, "the movement and confinement

4

facilitated the commission of the robbery, and Shobe's conviction for kidnapping was supported by substantial evidence."[2]  Id.

In turn, the district court below concluded that "[t]he decision of the Kansas Court of Appeals was not contrary to federal law, nor was it an unreasonable application of law for the Kansas Court of Appeals to find substantial evidence to support the conclusion that the movement of the victims in [Shobe's] case facilitated the aggravated robbery." ROA, Doc. 10 at 10.  Although Shobe vigorously disputes the district court's conclusion, we are not persuaded "that reasonable jurists could debate whether" the district court should have resolved the issue "in a different manner" or that the issue is "adequate to deserve encouragement to proceed further."  Slack, 529 U.S. at 484 (2000).

*Suggestive police lineup*

Shobe next challenges the admission at trial of testimony from one of the robbery victims regarding her identification of Shobe in a police lineup.  Shobe unsuccessfully moved to suppress this testimony prior to trial, arguing that the lineup was unduly suggestive because he was placed in the lineup wearing black pants and Nike sneakers, both of which the victim at issue had described the robber as wearing, and because the other suspects in the lineup were not wearing sufficiently similar clothing or shoes.  The state trial court overruled Shobe's motion to suppress and admitted the victim's

---

[2] Although the Kansas Court of Appeals did not cite to the Supreme Court's decision Jackson in reaching its conclusion, it cited a Kansas Supreme Court opinion, State v. Jasper, 269 Kan. 649, 655 (2000), that essentially parrots the constitutional standard for sufficiency of evidence.

testimony. On direct appeal, the Kansas Court of Appeals affirmed the state trial court's ruling. In doing so, the Kansas Court of Appeals noted that the victim had described the robber "as being dressed entirely in black, including black pants, a black jacket, and black pantyhose over his face." Shobe I, at 13. Shobe, the Kansas Court of Appeals noted, however, "was wearing a light-colored shirt" at the lineup and thus "was not dressed exactly as the robber had been . . . at the restaurant." Id. "Furthermore," the Kansas Court of Appeals noted, "there was another man in the lineup who was also wearing a light-colored shirt." Id. Lastly, the Kansas Court of Appeals noted that the victim "did not identify Shobe solely on the basis of his clothing," but rather "testified that she identified [him] based on his body type, shoes, height, clothing, and voice." Id.

Shobe reasserted the issue in his federal habeas petition, arguing that the Kansas Court of Appeals unreasonably applied the Supreme Court's decision in Foster v. California, 394 U.S. 440 (1969). The district court reviewed the Foster decision in detail, accurately noting that the underlying facts of that case involved three related identification procedures, including a final lineup in which the defendant was the only person who had also participated in the first lineup. In turn, the district court concluded there was little comparison between the extreme circumstances at issue in Foster and the circumstances at issue in Shobe's case. Indeed, the district court noted, "the only suggestive elements presented to the Kansas Court of Appeals by [Shobe] involved the clothing that he wore during the lineup," and the Kansas Court of Appeals quite reasonably concluded that the clothing "did not create an impermissibly suggestive lineup

6

. . . ." ROA, Doc. 10 at 12. Thus, the district court concluded that the Kansas Court of Appeals' decision was neither "contrary to federal law, or involved an unreasonable application of federal law." Id. at 13.

We conclude that Shobe has failed to establish his entitlement to a COA on this issue. That is, we conclude the district court's resolution of his claim is not reasonably subject to debate and the claim is not adequate to deserve further proceedings.

*Ineffective assistance of trial counsel*

Finally, Shobe contends that his trial counsel was constitutionally ineffective for (1) failing to properly argue for suppression of evidence due to the allegedly illegal search of Shobe's van, (2) failing to have the crime scene security video enhanced to show the footwear worn by the robber, (3) refusing to allow Shobe to testify at trial, and (4) failing to object to the State's use of his juvenile adjudications at sentencing. Shobe first asserted these claims in his application for state post-conviction relief. The state trial court conducted an evidentiary hearing on the issues, during which both Shobe and his former trial counsel testified. The state trial court then rejected all of Shobe's claims. More specifically, the state trial court (1) concluded that Shobe's van was lawfully searched under either a theory of abandonment or the automobile exception and thus trial counsel was not ineffective for failing to seek suppression of the results of the search, (2) concluded that trial counsel made a reasonable strategic decision not to have the crime scene security video enhanced, (3) found that Shobe consistently and explicitly told his trial counsel that he did not wish to testify, and (4) found that trial counsel inquired about

7

Shobe's juvenile adjudications, but was not informed by Shobe about any alleged constitutional deficiencies in those adjudications. The Kansas Court of Appeals subsequently affirmed the state trial court's rulings. Shobe II, at 4-5.

Shobe reasserted these claims in his federal habeas petition. The district court analyzed the claims in detail and ultimately concluded that the Kansas Court of Appeals' resolution of them was neither contrary to, nor an unreasonable application of, the Supreme Court's decision in Strickland v. Washington, 466 U.S. 668 (1984). Having reviewed Shobe's appellate filings and the district court record, we conclude he is not entitled to a COA on any of these claims of ineffective assistance of counsel.

The application for COA is DENIED and the appeal is DISMISSED.


Entered for the Court


Mary Beck Briscoe
Circuit Judge